THE STATE, LEVI DARBY, PROSECUTOR, v. VINCENT W. NASH, JOHN D. JAQUES ET AL.

1. An order of justices and surveyors (under section 49 of the Road act), which certifies that they are in doubt as to whether a landowner has encroached upon the highway, and then proceeds arbitrarily to appropriate a disproportionate quantity of his adjacent lands, is hostile to the legislative scheme in question, and will be quashed.
2. The case of *Christie* v. *Vanderburgh,* 17 *Vroom* 280, approved and followed.

On *certiorari.*

This writ brings up for review the proceedings and written determination of Vincent W. Nash and John D. Jaques, two of the justices of the peace of the county of Union, and Philip Radin and Thomas Lee, two of the surveyors of the highways

of the township of Fanwood, in said county, who were called upon to view and determine respecting encroachment upon one of the public highways in said township, under section 49 of the Road act.

By their determination, lands of the prosecutor adjoining said highway are open to public use.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the prosecutor, *Leslie Lupton.*

For the defendants, *John H. Jackson.*

The opinion of the court was delivered by

GARRISON, J. The order of the justices and surveyors brought before us by this *certiorari* is erroneous, and must be set aside. In many of its aspects the determination of these officials resembles that before this court in *Christie* v. *Vanderburgh,* 17 *Vroom* 280, and is obnoxious for the reasons there given. Even if this were not the case, this order would have to be quashed, because of the manifest illegality of the method pursued in widening the road in front of the prosecutor's lands. After having determined that the highway had been narrowed, the officials certify that they are in doubt, not as to which of the adjacent owners have encroached on the same, but whether any of them have done so.

In the face of this negative finding, they proceed to fix upon a centre line, and determine that a road should be opened on each side thereof to a distance of thirty-three feet. For the details and practical application of this general adjudication, they refer to an annexed map, which is made part of their report. An examination of the map thus indicated, shows that upon the part of road to which the prosecutor's lands are adjacent, the widening is proposed to be accomplished by taking a narrow strip off the land of the opposite owner, while a broader and gradually broadening line marks the portion of

prosecutor's lands which is to be opened to the public. In view of the negative finding of the officials upon the question of prosecutor's encroachment, such an unequal appropriation is hostile to the entire legislative scheme under which these proceedings are had.

The order should be quashed, with costs.